**UNITED STATES COURT OF INTERNATIONAL TRADE**

QUANTIFIED OPERATIONS LIMITED,
WOBBLEWORKS (HK) LIMITED,

                                Consolidated Plaintiffs,

       v.

UNITED STATES,

                                Defendant.

Before: Hon. Richard K. Eaton, Judge

Consol. Court No. 22-00178

**ORDER**

Upon consideration of plaintiffs' motion to compel, and upon consideration of all other papers and proceedings had herein; it is hereby

ORDERED that plaintiffs' motion is granted; and it is further

ORDERED that defendant shall provide unredacted documents GOV000091-000102 within 14 days of the date of entry of this order.

                                         _____
                                         JUDGE

Dated: _____
        New York, New York

## UNITED STATES COURT OF INTERNATIONAL TRADE

QUANTIFIED OPERATIONS LIMITED,
WOBBLEWORKS (HK) LIMITED,

                        Consolidated Plaintiffs,

    v.

  UNITED STATES,

                        Defendant.

Before: Hon. Richard K. Eaton, Judge

Consol. Court No. 22-00178

## PLAINTIFFS' MOTION TO COMPEL DOCUMENTS WITHHELD UNDER THE "DELIBERATIVE PROCESS" PRIVILEGE, OR, IN THE ALTERNATIVE, FOR AN *IN CAMERA* INSPECTION OF DOCUMENTS

Respectfully submitted,

/s/ Alena A. Eckhardt
Alena A. Eckhardt

NAKACHI ECKHARDT & JACOBSON, P.C.
50 California Street, Suite 1500
San Francisco, CA 94111
(415) 498-0070
alena@tradelawcounsel.com
*Counsel for Plaintiffs*

**TABLE OF CONTENTS**

I.    BACKGROUND ........................................................................................................ 3

II.   DISPUTED RESPONSES ..................................................................................... 5

    A.   INTERROGATORIES AND REQUESTS FOR PRODUCTION, SET ONE ......................................... 5

    B.   PRIVILEGE LOG ............................................................................................... 6

    C.   USCIT RULE 30(B)(6) DEPOSITION ................................................................ 6

III.  ARGUMENT ........................................................................................................ 7

    A.   LEGAL STANDARD ............................................................................................ 7

    B.   THE GOVERNMENT HAS FAILED TO COMPLY WITH PROCEDURAL REQUIREMENTS FOR INVOKING THE DELIBERATIVE PROCESS PRIVILEGE .................................................. 8

    C.   THE DOCUMENTS ARE NOT PRE-DECISIONAL OR DELIBERATIVE IN NATURE ..................... 10

    D.   PLAINTIFFS' EVIDENTIARY NEED OUTWEIGHS ANY HARM FROM DISCLOSURE ................. 14

    E.   ALTERNATIVELY, THE GOVERNMENT SHOULD BE COMPELLED TO PRODUCE THE UNREDACTED DOCUMENTS FOR IN CAMERA REVIEW ................................................. 16

IV.   CONCLUSION .................................................................................................... 16

CERTIFICATE OF COMPLIANCE ............................................................................ 18

# TABLE OF AUTHORITIES

**Cases**

*Alaska v. United States,* 16 Cl.Ct. 5, 11 (1988)........................................................ 14

*Dep't of Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, 121 S.Ct. 1060 (2001)............................................................................ 7

*Greenpeace v. Nat'l Marine Fisheries Serv.,* 198 F.R.D. 540, 543 (W.D. Wash. 2000)................ 7

*Int'l International Custom Prods., Inc. v. United States*, 77 F. Supp. 3d 1319, 1325 (Ct. Int'l Trade 2015) ............................................................................................ 14, 15

*Kerr v. U.S. Dist. Court for the N. Dist. of Cal.,* 426 U.S. 394, 406, 96 S.Ct. 2 (1976). ............ 16

*McClelland v. Andrus,* 606 F.2d 1278, 1288 (D.C.Cir.1979)...................................... 7

*Pacific Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 134-136 (2006), ...................... 8, 9, 10

*Pacific Gas & Elec. Co. v. United States*, 71 Fed. Cl. 205, 209 (2006) ............................ 8, 9, 10

*Scott Paper Co. v. United States,* 943 F. Supp. 489, 496 (E.D.Pa.1996) .......................... 8

*Walsky Constr. Co. v. United States,* 20 Cl.Ct. 317, 320 (1990) ................................ 7

**Statutes**

Equal Access to Justice Act.................................................................. 2, 4, 14, 15

Harmonized Tariff Schedule of the United States.................................................. 1

HTSUS heading 8467 ...................................................................... 3, 4

HTSUS heading 8477 ...................................................................... 3, 4, 13, 15

HTSUS heading 8516 ...................................................................... 3, 4

HTSUS heading 9503 ...................................................................... 3

**Rules**

USCIT Rule 30(b)(6) ........................................................................ 6

USCIT Rule 37(a)(1) ........................................................................ 2

USCIT Rule 37(a)(2) ........................................................................ 1

**CBP Rulings**

HQ H293445 .............................................................................. 4, 5, 6

NY N248177 .............................................................................. 4, 5, 13

**Harmonized System**

HS heading 84.67.......................................................................... 4

**PLAINTIFFS' MOTION TO COMPEL DOCUMENTS WITHHELD UNDER THE "DELIBERATIVE PROCESS" PRIVILEGE, OR, IN THE ALTERNATIVE, FOR AN *IN CAMERA* INSPECTION OF DOCUMENTS**

Pursuant to USCIT Rule 37(a)(2), Consolidated Plaintiffs, Quantified Operations Limited and WobbleWorks (HK) Limited (collectively "Plaintiffs") respectfully move this Court to compel Defendant United States ("Defendant") to produce unredacted versions of documents bates stamped GOV000091-000102, dated between March 29, 2018 and July 10, 2018, relating to internal communications at U.S. Customs and Border Protection ("CBP") concerning the classification of the 3Doodler pen sets ("3D Pen Sets") under the Harmonized Tariff Schedule of the United States ("HTSUS").

The government has improperly asserted the deliberative process privilege over these documents without meeting the essential procedural prerequisites which include the government's (1) submission of an affidavit from the *head* or a properly chosen delegate of the relevant agency that (2) sets forth the "precise and certain reasons" for withholding the documents in question with an (3) explanation  of why the disclosure of each particular document would be detrimental to agency decision-making. The government's failure to meet these procedural requirements is fatal to its claim of the deliberative process privilege and justifies the full production of the withheld information.

In addition, the information that the government is withholding is not "pre-decisional" and "deliberative" as is required to properly invoke this privilege.

Finally, even if the government had properly asserted the deliberative process privilege – which it has not – this is a qualified privilege, and the documents in question should still be produced because the Plaintiffs hold a substantial evidentiary need for this information, and this need outweighs any potential harm that disclosure may cause the government.  The withheld

information is directly relevant to the Plaintiffs' claim for attorneys' fees under the Equal Access to Justice Act ("EAJA") as it may demonstrate that the government's position was not substantially justified. The probative value of such information is overriding, particularly since disclosure would occur under the protective order governing this case, the terms of which both assure continued confidentiality and strictly limit use of the disclosed documents.

Alternatively, if the Court is not inclined to compel full production, Plaintiffs request *in camera* review to determine if the disclosure is warranted.

Pursuant to USCIT Rule 37(a)(1), counsel for Plaintiff hereby certifies that she has in good faith conferred with counsel for the Defendant to obtain the requested discovery without court action. Specifically, on December 10, 2024, December 29, 2024, and January 2, 2025, counsel for Plaintiffs exchanged emails with counsel for the Defendant regarding the issues raised in this motion. Despite their good faith continuous efforts to resolve this discovery dispute, Plaintiffs were unable to reach an agreement, necessitating this motion to compel.

## I.    BACKGROUND

This case concerns the tariff classification of the 3D Pen Sets under HTSUS.  *See* Amended Consolidated Complaint, ECF No. 21 ("Compl.").  The 3D Pen Set typically includes a 3D Pen, power adapter, instruction manual, quick start guide, and packets of plastic filaments.  *Id*. ¶ 19. The 3D Pen is a hand-held "printing" pen, which operates by expelling a heated plastic strand (of different plastic types) which cools into a solid thread in the air, allowing for the creation of whimsical and playful three-dimensional objects.  *Id*. ¶ 20.

 

*Id*.

The 3D Pen Sets are principally intended, marketed, and used by children, teenagers, and adults for amusement purposes.  Compl. ¶ 27.

The Plaintiffs assert that CBP incorrectly classified the 3D Pen under HTSUS heading 8477, as industrial "machinery," and claim the product is properly classified under HTSUS heading 9503 as "other toys."  *Id*. ¶¶ 36, 37.  Alternatively, Plaintiffs claim that the subject merchandise may be classified under HTSUS heading 8516, as "other electrothermic appliances of a kind used for domestic purposes," or alternatively, under HTSUS heading 8467, as "[t]ools for working in the hand, . . . with self-contained electric . . . motor[.]"  Compl. ¶¶ 65, 67.  Plaintiffs seek refund

of excess duties paid, interest on refunded duties, and costs and reasonable attorney fees under EAJA. *Compl.*, Prayer for Relief.

By way of administrative background, on December 18, 2013, CBP issued NY N248177, initially classifying the 3D Pen under HTSUS heading 8516 as "other electrothermic appliances of a kind used for domestic purposes[.]" *Id.* ¶ 28, Exhibit ("Ex.") A. On October 13, 2016, WobbleWorks submitted a classification ruling request for the 3D Pen Set, stating that the product should be classified in HTSUS heading 8467 as a hand-held tool. *Id.* ¶ 29. On January 29, 2018, CBP notified WobbleWorks that it was administratively closing WobbleWorks' October 13, 2016 ruling request in favor of the revocation notice and comment procedure. *Id.* ¶ 30. On July 17, 2019, CBP published a notice of proposed revocation of NY N248177, reclassifying the 3D Pen under HTSUS heading 8477 as "[m]achinery for working rubber or plastics or for the manufacture of products from these materials, not specified or included elsewhere in this chapter; parts thereof: Other machinery..." *Id.* ¶ 31, Ex. B. On October 7, 2019, CBP indeed revoked NY N248177 and reclassified the 3D Pen under HTSUS heading 8477 in HQ H293445. *Id.* ¶ 31, Ex. C.

During discovery, Plaintiffs learned of a significant inconsistency in the United States' position regarding the classification of 3D Pens. Before CBP revoked NY N248177, reclassifying 3D Pens as industrial "machinery" under heading 8477, its delegates to the World Customs Organization ("WCO") had taken a contradictory position. The United States, through its CBP delegates, formally petitioned the WCO's Harmonized System Committee ("HSC") to re-examine its classification of a 3D Pen, advocating for its classification as a hand-held tool under HS heading 84.67.[1]

---

[1] HTSUS heading 8467 is specific to the United States tariff system. HS heading 84.67 is part of the international nomenclature used globally. Both refer to the same category of goods.

In response to the Plaintiffs' discovery requests for internal communications relating to CBP's revocation of NY N248177 and issuance of HQ H293445, Defendant eventually produced heavily redacted versions of internal CBP communications, along with a privilege/redaction log asserting, for the first time, deliberative process privilege. The visible content of these documents appears to indicate inconsistent positions taken by the United States on the issue of classification, which are contrary to the government's current litigation position. Plaintiffs contend these redactions are improper and move to compel production of unredacted documents.

## II.    DISPUTED RESPONSES

### A.    <u>Interrogatories and Requests for Production, Set One</u>

On June 13, 2024, Plaintiffs served Defendant with their first set of interrogatories and requests for production of documents, which included the following requests at issue in this motion:

> **<u>Interrogatory No. 3</u>:** Identify all Documents that discuss the 3Doodler Create Pen Set and or other 3D Pens in connection the Proposed Revocation of Ruling NY N248177 (*see* attached Exhibit B), including, without any limitation, Your internal correspondence, memoranda, notes, summaries, transcripts, and any correspondence between You and any person or entity.

> **<u>Request for Production 3</u>:** All Documents supporting Your response to Interrogatory No. 3, propounded concurrently herewith.

> **<u>Interrogatory No. 4</u>:** Identify all Documents that discuss the 3Doodler Create Pen Set and or other 3D Pens in connection with the issuance of the HQ H293445 (*see* attached **Exhibit C**), including, without any limitation, Your internal correspondence, memoranda, notes, summaries, transcripts, and any correspondence between You and any person or entity.

> **<u>Request for Production No. 4</u>:** All Documents supporting Your response to Interrogatory No. 4, propounded concurrently herewith.

> **<u>Interrogatory No. 19</u>:** To the extend not identified above, identify all Documents and things generated by the Customs' Headquarters in connection with the issuance of the HQ H293445 ruling letter dated October 7, 2019 (*see* attached **Exhibit C**), including without limitation, any correspondence, notes, summaries, and memoranda.

**Request for Production No. 19:** All Documents supporting Your response to Interrogatory No. 19, propounded concurrently herewith.

On August 29, 2024, the government produced its written responses and its first volume of documents entitled "Ruling File HQ H293445 (GOV000001-GOV000090)," which did not contain any substantive internal discussions at CBP.[2] **Exhibit 1**, Defendant's Responses to Interrogatories, Set One, at 3, 7; and Defendant's Responses to Requests for Production at 2, 4.

### B.    Privilege Log

Three months later, on December 3, 2024, and after several meet-and-confer sessions, the government provided supplemental written responses to Requests for Production Nos. 3, 4, and 19 (**Exhibit 2**, Defendant's Supplemental Responses to Requests for Production), and heavily redacted internal communications GOV000091-GOV000142, together with a privilege/redaction log, asserting, for the first time, deliberative process privilege with respect to GOV000091-GOV000102.[3]    **Exhibit 3**, Redaction Log and documents GOV000091-GOV000102.    The government has not submitted any affidavit, from any agency official, supporting the numerous redactions made to these documents.

### C.    USCIT Rule 30(b)(6) Deposition

The Plaintiffs made a good faith effort to obtain the relevant information about these internal communications through proper discovery channels, specifically by conducting a Rule 30(b)(6) deposition of the government's designated representative on December 16, 2024.  This attempt was, however, thwarted by the government's failure to produce an adequately prepared

---

[2] The documents GOV000001-GOV000090 are not at issue in this motion.

[3] Plaintiffs acknowledge that the government has redacted Business Proprietary Information (BPI) of third parties not involved in the current litigation, as well as Law Enforcement Sensitive (LES) information and Personally Identifiable Information (PII). Plaintiffs are not requesting the disclosure of any such redacted information.

witness. The government's designated witness was unable to provide the requested information because the witness was (a) not privy to the communications at issue in this motion; b) not employed at CBP during the relevant time period when these communications occurred; (c) had no personal involvement in the matters being discussed; and (d) relevant information was not made known to him during his deposition preparations, as would otherwise be expected per USCIT Rule 30(b)(6). The failure to produce a knowledgeable witness has therefore forced the Plaintiffs to seek this information through other means, including the current motion to compel production of unredacted documents.

## III.    ARGUMENT

### A.    Legal Standard

The deliberative process privilege covers documents reflecting advisory opinions, recommendations and deliberations comprising part of a process by which governmental decisions and policies are formulated. *Dep't of Interior and Bureau of Indian Affairs v. Klamath Water Users Protective Ass'n*, 532 U.S. 1, 8, 121 S.Ct. 1060 (2001). Like other evidentiary privileges that limit a court's inherent power to compel the production of relevant evidence, the deliberative process privilege is narrowly construed. *Greenpeace v. Nat'l Marine Fisheries Serv.,* 198 F.R.D. 540, 543 (W.D. Wash. 2000). For a document to be protected from discovery by the deliberative process privilege, it must be both pre-decisional and deliberative. To qualify as *pre-decisional*, the material sought to be protected must address activities antecedent to the adoption of an agency policy. *Walsky Constr. Co. v. United States,* 20 Cl.Ct. 317, 320 (1990); *cf. McClelland v. Andrus,* 606 F.2d 1278, 1288 (D.C.Cir.1979) (review of administrator's past conduct held not pre-decisional). Material is considered deliberative if it "contain[s] decisional information ... [that is] part of the deliberative process in that it makes recommendations or expresses opinions on legal and policy matters.' " *Walsky*, 20 Cl. Ct. at 320 (internal citations omitted.) The privilege does not protect

factual or investigative material, "except as necessary to avoid indirect revelation of the decision-making process." *Scott Paper Co. v. United States,* 943 F. Supp. 489, 496 (E.D.Pa.1996).

Furthermore, to invoke the deliberative process privilege, the government must meet several procedural requirements. The deliberative process privilege may be upheld **only if** (1) the head of the agency that has control over the requested document submits an affidavit which (2) sets forth the "precise and certain reasons" for withholding the documents in question, and (3) explains how disclosure of the documents would be detrimental or cause specific harm to future agency decision-making. *Pacific Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128, 134-136 (2006), *modified on reconsideration*, *Pacific Gas & Elec. Co. v. United States*, 71 Fed. Cl. 205, 209 (2006). While the head of an agency can, after careful deliberation, delegate authority to invoke the deliberative process privilege on the agency's behalf, the courts have found that the deliberative process privilege may not be asserted by government's counsel. *Id.* at 135.

Finally, the deliberative process privilege is not absolute; rather, the privilege is qualified and "subject to judicial oversight." *Marriott Int'l Resorts, L.P. v. United States,* 437 F.3d 1302, 1307 (Fed.Cir.2006). A showing of compelling need can overcome the qualified deliberative process privilege. *Id.*

### B.   The Government Has Failed to Comply with Procedural Requirements for Invoking the Deliberative Process Privilege

The government has not met *any* of the procedural requirements for *any* of the unredacted documents that are the subject of this motion.

First, the government has failed to demonstrate that the deliberative process privilege was properly invoked by an appropriate official. As held in *Pacific Gas,* the head of the agency that has control over the requested document must assert the privilege after personal consideration or carefully delegate that authority. *Pacific Gas, 7*0 Fed. Cl. at 134. Here, no evidence exists that

8

the head of CBP or a properly delegated official personally reviewed the documents and asserted the privilege. "The rationale for requiring an agency head or official to whom authority has been carefully delegated, rather than government counsel, to 'invoke[ ] the privilege during an exhaustive examination of the voluminous documents at issue,' is to allow those 'official[s] with expertise in the nature of the privilege claim and documents at issue,' to determine whether the public interest in confidentiality outweighs the public interest in disclosure." *Pacific Gas,* 70 Fed. Cl at 144 (citing *Marriott*, 437 F.3d at 1304, 1307). Here, the privilege was invoked by the government's litigation counsel. However, in this circuit counsel are not permitted to invoke the privilege to ensure that the privilege is invoked as a result of an executive decision about the exigencies of executive management, rather than as a result of trial counsel's decision about a desirable litigation strategy. *Pacific Gas*, 70 Fed. Cl. at 135 (internal citations omitted). "[S]ince defendants have merely asserted the privilege through counsel, the Court finds that defendants have failed to establish that the governmental deliberative process privilege exists with respect to the withheld documents." *Id.*, *reconsideration denied*, *Pacific Gas*, 71 Fed. Cl. at 208, 209.

Second, the government has not supplied "precise and certain reasons for maintaining the confidentiality of the requested document[s]." *Pacific Gas*, 70 Fed. Cl. at 135.

Third, no explanation of how disclosure would be detrimental or cause specific harm to future agency decision-making exists. No affidavit supporting assertions of the deliberate process privilege have been executed. The redaction log provided by counsel provides only vague and conclusory statements about "pre-decisional deliberative opinions" without explaining with particularity how disclosure would harm agency decision-making. *See*, **Exhibit 3**.

If the government attempts to submit *post hoc* affidavits by CBP officials to support the asserted deliberative process privilege, any such submission would be procedurally deficient. The

court in *Pacific Gas* addressed this issue and rejected the government's practice of submitting such affidavits after the fact. Specifically, the court found that "the submission of *post hoc* determinations by government officials in response to plaintiff's motion to compel which invoke the privilege while stating that documents that have already been withheld by government counsel are indeed subject to the privilege appears to the court to be procedurally deficient." *Pacific Gas*, 70 Fed. Cl. at 144. Importantly, when the government sought reconsideration of this issue, the court explicitly "decline[d] to reconsider Part II.B.3 of its Order to Compel[,]" which section addressed the timeliness of invoking the privilege. *Pacific Gas*, 71 Fed. Cl. at 209. In addressing the government's motion for reconsideration, the court rejected the argument that requiring affidavits in advance would create an unnecessary burden on public officials, agreeing that "the purported time demands on agency officials would exist whether affidavits are prepared before or after the privilege is claimed." *Id.*

Because the government has utterly failed to meet the procedural requirements for invoking the deliberative process privilege, the court should deny the government's assertion of the deliberative process privilege and compel the production of unredacted documents in full, without deciding whether these documents meet the legal standard of the privilege by being "pre-decisional" and "deliberative" or balancing the competing interests of the parties. *See e.g.*, *Pacific Gas*, 70 Fed. Cl. at 136.

### C.    The Documents are Not Pre-Decisional or Deliberative in Nature

Even if the Court were to look past the procedural deficiencies, the redacted materials do not appear to be pre-decisional or deliberative in nature as is required.

The withheld information is not deliberative in nature. If CBP's internal communications focused on analyzing or responding to the WCO's decisions regarding classification rather than debating internal policy options, they would not meet this criterion. Factual analyses or

discussions of external decisions are not protected by the deliberative process privilege. Moreover, documents indicating the government's prior (inconsistent with its current litigation position) advocacy for classifying 3D Pens under HS heading 84.67 as hand-held tools rather than "machinery" before the WCO have already been produced or are publicly available. Therefore, there is no risk of additional harm from disclosure. The privilege also does not protect records comprising explanations of agency actions already taken. *See,* for example, the following excerpts of redacted documents:



makes it all the more important to DPP

Thanks again, and of course feel free to follow up with any additional thoughts or questions.

Nick



**Nicholai Diamond** | Attorney-Advisor
Electronics, Machinery, Automotive, and International Nomenclature Branch
Regulations and Rulings | OT | CBP |

90 K Street NE – 10th Floor, Washington, D.C. 20229-1177
Phone: 202 325 0292 | Fa :  202 325 0155
Email: nicholai.c.diamond@cbp.dhs.gov

---

**From:** ODONNELL, PATRICIA K
**Sent:** Wednesday, June 20, 2018 9:32 AM
**To:** DIAMOND, NICHOLAI C. <nicholai.c.diamond@cbp.dhs.gov>
**Cc:** BARTKUS, NICHOLAS <NICHOLAS.BARTKUS@CBP.DHS.GOV>; BURTON, KRISTOPHER
<KRISTOPHER.BURTON@cbp.dhs.gov>
**Subject:** Matt Gun /Device was creating jewelry

Nick,

I have received a ruling request on an item called a "Matt Gun Kit". Using wax pellets, the device
extrudes heated wax through a nozzle in order to create articles such as jewelry. Device is hand held
and appears to feature an electric motor as reference is made to "110v or 22v". Please see attached
documents for details.

The question I have is DPP

I can see DPP

GOV000101

REL0000000028_0003

**Exhibit 3**, GOV000091-GOV000102.

The redacted discussions are not "pre-decisional." Once CBP decided to revoke its initial

ruling (NY N248177) "no matter what" (*see* below excerpt) and reclassify the 3D pens under

HTSUS heading 8477, any subsequent communications related to implementing or justifying that

decision are not protected by the privilege.

---

**From:** DIAMOND, NICHOLAI C.
**Sent:** Thursday, March 29, 2018 5:23 PM
**To:** CONNOR, GREGORY <GREGORY.CONNOR@CBP.DHS.GOV>
**Cc:** JENIOR, ELIZABETH G <ELIZABETH.JENIOR@cbp.dhs.gov>; SHURN, ANTHONY L
<ANTHONY.L.SHURN@CBP.DHS.GOV>
**Subject:** HSC 61 report; ██DPP██

Hi Greg,

As you may recall, we had conflicting rulings on this going into the session. These are:

- NY N248177 (December 18, 2013) classifying the 3Doodler Create, the exact 3d printing pen
  under examination by the Committee, in 8516
- NY N266946 (August 18, 2015) classifying a different printing pen set in 8477

REL0000000004_0002

---

We actually advocated for 84.67 but were alone in that. From my understanding ██DPP██
████████████████. The Committee decided for 84.77, which is okay with us. However, since we will
have to revoke something no matter what, ██DPP██
████████████████?

If not, just let me know if you want me to do a 1625 for NY N248177.

Thanks,

Nick



**Nicholai Diamond** | Attorney-Advisor
Electronics, Machinery, Automotive, and International Nomenclature Branch
Regulations and Rulings | OT | CBP |

90 K Street NE – 10th Floor, Washington, D.C. 20229-1177
Phone: 202.325.0292 | Fax: 202.325.0155
Email: nicholai.c.diamond@cbp.dhs.gov

---

13

Furthermore, a protective order mitigates potential harm from disclosure – the existing Protective Order in this case provides adequate safeguards against any potential harm from disclosure of the requested information.

**D.**     **Plaintiffs' Evidentiary Need Outweighs Any Harm from Disclosure**

The deliberative process privilege is qualified, not absolute. Even if the government properly asserts this privilege – which is not the case here –  a plaintiff may still overcome it by demonstrating a compelling evidentiary need that outweighs any potential harm to the government from disclosure.  As the Federal Circuit stated in *Marriott*, "a showing of compelling need can overcome the qualified deliberative process privilege."  *Marriott*, 437 F.3d at 1307; *see also*, *Alaska v. United States,* 16 Cl.Ct. 5, 11 (1988) ("a showing of evidentiary need ... that outweighs the harm that disclosure of such information may cause to the defendant")(internal citations omitted).

Here, the redacted emails between high level CBP officials appear highly relevant for the purposes of an attorney's fees claim under EAJA, as they may demonstrate that the government's classification position was not substantially justified, a key factor in EAJA claims.

Under EAJA, the substantial justification of the government's *pre-litigation* and litigation conduct must be evaluated together, making only one threshold determination for the entire civil action.  *Int'l International Custom Prods., Inc. v. United States*, 77 F. Supp. 3d 1319, 1325 (Ct. Int'l Trade 2015).  In *Int'l International Custom Prods.,* the court's examination of internal government communications regarding the classification of the plaintiff's product played a crucial role in evaluating the reasonableness of the government's position for the purpose of determining the plaintiff's claim for attorney's fees.  The court found that these internal communications revealed that multiple CBP officials had raised warnings about the need to revoke a ruling letter before rate-advancing entries, but these warnings were ignored by the agency thus showing that

14

CBP was aware it was proceeding improperly in issuing a Notice of Action without first revoking the ruling letter. This insight was crucial in the court's determination that the government's position was not substantially justified and in awarding attorney fees.

Here, the internal communications between high-level CBP officials regarding the classification of 3D Pens could provide similar crucial insights and may reveal inconsistencies in the government's position, warnings or concerns raised by officials about the chosen classification, the improper process that led to the classification under HTSUS heading 8477, despite potential evidence supporting alternative classifications, any awareness of procedural improprieties or substantive errors in the classification decision. These communications offer insight into whether the government's position was "founded on a reasonable basis both in law and fact" and "justified to a degree that could satisfy a reasonable person," as required by the EAJA standard. *Int'l International Custom Prods.,* 77 F. Supp. 3d at 1325.

Without access to these internal communications, the Plaintiffs would be at a significant disadvantage in demonstrating that the government's position lacked substantial justification for the purposes of an EAJA claim. The government's pre-litigation conduct, as revealed through these communications, is essential to evaluating the overall reasonableness of its position. Therefore, compelling the production of these internal communications is crucial for the Plaintiffs to fully present their case for attorney's fees under EAJA. Denying access to this information would effectively preclude the Plaintiffs from showing the full context of the government's pre-litigation conduct and any potential lack of substantial justification.

If Plaintiffs are not permitted to compel production of the unredacted documents in the discovery phase, they may be unable to obtain this crucial information later when seeking attorneys' fees. Without access to these documents, Plaintiffs would be at a significant

15

disadvantage in demonstrating that the government lacked reasonable justification for its classification decision.  This potential prejudice further underscores the importance of compelling production now, as it may be Plaintiffs' only opportunity to obtain this relevant information.

    **E.**    **Alternatively, The Government Should Be Compelled to Produce The Unredacted Documents for In Camera Review**

While Plaintiffs maintain that the government should be compelled to disclose the unredacted documents due to the aforementioned deficiencies, they alternatively request that the Court conduct an *in camera* review if for some reason it is not inclined to order full production. This *in camera* review would allow the Court to determine whether disclosure of the withheld information is warranted.  The United States Supreme Court has stated that "*in camera* review is a highly appropriate and useful means of dealing with claims of governmental privilege." *Kerr v. U.S. Dist. Court for the N. Dist. of Cal.,* 426 U.S. 394, 406, 96 S.Ct. 2 (1976).

*In camera* review serves as a critical safeguard against improper withholding of relevant information.  It allows the Court to independently verify privilege claims while protecting truly privileged material from disclosure.  This approach strikes an appropriate balance between the government's confidentiality interests and Plaintiffs' right to discover relevant evidence.

## IV.    CONCLUSION

For these reasons, Plaintiffs respectfully request an order compelling Defendant to produce the unredacted documents identified in this motion.   Alternatively, Plaintiffs request that the Court conduct an *in camera* review to determine whether disclosure is warranted.

WHEREFORE, Plaintiffs respectfully request that the Court:

1. Grant this motion to compel discovery;

2. Dismiss the privilege log submitted by Defendant as to the documents bates stamped GOV000091-GOV000102;

3.  Order Defendant to produce unredacted versions of the documents listed in the privilege log, bates stamped GOV000091-000102, within 14 days;

4.  In the alternative, conduct an *in camera* review of the documents for which privilege is claimed to determine if the disclosure is warranted.

Dated: January 5, 2025

Respectfully submitted,

/s/ Alena A. Eckhardt
Alena A. Eckhardt

NAKACHI ECKHARDT & JACOBSON, P.C.
50 California Street, Suite 1500
San Francisco, CA 94111
(415) 498-0070
alena@tradelawcounsel.com

*Counsel for Plaintiffs*

17

## CERTIFICATE OF COMPLIANCE

I, Alena A. Eckhardt, counsel for Plaintiffs, who is responsible for the foregoing Motion to Compel Discovery, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's standard chambers procedures, and contains 3,930 words.

/s/Alena A. Eckhardt
Alena A. Eckhardt