UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: RICHARD K. EATON, JUDGE

| | | |
|---|---|---|
| QUANTIFIED OPERATIONS LIMITED and WOBBLEWORKS (HK) LIMITED, | : | |
| | : | |
| Plaintiffs, | : | |
| | : | |
| v. | : | Consol. Court No. 22-00178 |
| | : | |
| UNITED STATES, | : | |
| | : | |
| Defendant. | : | |

## DEFENDANT'S RESPONSE IN OPPOSITION TO
## PLAINTIFFS' MOTION TO COMPEL

BRETT A. SHUMATE
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

JUSTIN R. MILLER
Attorney-In-Charge
International Trade Field Office

Of Counsel:
VALERIE SORENSEN-CLARK            LUKE MATHERS
U.S. Customs and Border Protection    Trial Attorney
Office of the Assistant Chief Counsel   Department of Justice, Civil Division
                                        Commercial Litigation Branch
                                        26 Federal Plaza, Suite 346
                                        New York, New York 10278
                                        Tel.: (212) 264-9236
Dated: February 3, 2025                 *Attorneys for Defendant*

## <u>TABLE OF CONTENTS</u>

INTRODUCTION ................................................................................................................ 1

BACKGROUND ................................................................................................................ 3

ARGUMENT .................................................................................................................... 5

    I.    Plaintiffs' Motion To Compel Should Be Denied Because It Concededly Seeks Irrelevant Information ...................................................................................................................... 5

    II.    The Information That Plaintiffs Seek, Besides Being Irrelevant, Is Privileged, And Plaintiffs Fail To Overcome That Privilege ............................................................................ 7

CONCLUSION ................................................................................................................ 11

# TABLE OF AUTHORITIES

**Cases**

*100Reporters LLC v. United States Dep't of Justice,*
   316 F. Supp. 3d 124 (D.D.C. 2018) ............................................................... 8

*Coastal States Gas Corp. v. Dep't of Energy,*
   617 F.2d 854 (D.C. Cir. 1980) ....................................................................... 8

*Cummins Inc. v. United States,*
   377 F. Supp. 2d 1365 (Ct. Int'l Trade 2005) ................................................ 3

*Fed. Hous. Fin. Agency v. JPMorgan Chase & Co.,*
   978 F. Supp. 2d 267 (S.D.N.Y. 2013) ........................................................... 9

*Felder v. Wash. Metro. Area Transit Auth.,*
   153 F. Supp. 3d 221 (D.D.C. 2015) .............................................................. 5

*Ford Motor Co. v. United States,*
   94 Fed. Cl. 211 (2010) ................................................................................. 10

*Formaldehyde Inst. v. HHS,*
   889 F.2d 1118 (D.C. Cir. 1989) .................................................................... 7

*Gavette v. OPM,*
   808 F.2d 1456 (Fed. Cir. 1986) .................................................................... 6

*In re Sealed Case,*
   121 F.3d 729 (D.C. Cir. 1997) ...................................................................... 9

*Judicial Watch, Inc. v. FDA,*
   449 F.3d 141 (D.C. Cir. 2006) ............................................................... 7, 8, 9

*Lutron Elecs. Co., Inc. v. United States,*
   Court No. 22-00264, ECF No. 37 (Ct. Int'l Trade Mar. 26, 2024) ...................... 2, 10

*Marriott Int'l Resorts, L.P. v. United States,*
   437 F.3d 1302 (Fed. Cir. 2006) .................................................................... 8

*McClelland v. Andrus,*
   606 F.2d 1278 (D.C. Cir. 1979) .................................................................. 10

*NLRB v. Sears, Robuck & Co.,*
   421 U.S. 132 (1975) ...................................................................................... 7

*Pac. Gas & Elec. Co. v. United States,*
   70 Fed. Cl. 128 (2006) .................................................................................. 9

*Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*,
  421 U.S. 168 (1975) .................................................................................. 7

*Sandler v. McGraw-Edison Co.*,
  92 F.R.D. 463 (S.D. Ohio 1981) ............................................................... 6

*Schiller v. City of New York*,
  2006 WL 3592547 (S.D.N.Y. Dec. 7, 2006) .......................................... 5, 9

*United States v. Fox Run Apartments, LLC*,
  2024 WL 3226096 (D. Kan. June 28, 2024) ............................................. 7

*United States v. Greenlight Organic, Inc.*,
  279 F. Supp. 3d 1317 (Ct. Int'l Trade 2017) ........................................ 8, 9

*V5 Techs. v. Switch, Ltd.*,
  334 F.R.D. 306 (D. Nev. 2019) ................................................................ 6

*Whispell Foreign Cars, Inc. v. United States*,
  2016 WL 6875972 (Fed. Cl. Nov. 22, 2016) .............................................. 6

**Statutes**

28 U.S.C. § 2412(d) ......................................................................................... 4, 6

**Harmonized Tariff Schedule of the United States**

Heading 8467 ..................................................................................................... 2, 3

Heading 8477 ................................................................................................ 1, 2, 3, 4

Heading 8516 ................................................................................................... 2, 3, 4

Heading 9503 ..................................................................................................... 2, 3

**Treaties**

International Convention on the Harmonized Commodity Description and Coding System (with
  annex), June 14, 1983, 1503 U.N.T.S. 168 ............................................... 3

**Rules**

USCIT Rule 26(b)(1) .......................................................................................... 2, 5

**Other Authorities**

H.R. Rep. No. 99-120 ........................................................................................... 7

HQ H293445 (Oct. 7, 2019) ........................................................................... 3, 4, 9

NY N248177 (Dec. 18, 2013)..........................................................................................................4

NY N266946 (Aug. 18. 2015) .......................................................................................................4

World Customs Organization,
   *Historical documents of the Harmonized System Committee*,
   https://www.wcoomd.org/en/topics/nomenclature/resources/hs_historial-documents.aspx ....... 3

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: RICHARD K. EATON, JUDGE

_____

|  |  |
|---|---|
| QUANTIFIED OPERATIONS LIMITED and WOBBLEWORKS (HK) LIMITED, | : |
|  | : |
|  | : |
| Plaintiffs, | : |
|  | : |
| v. | : |
|  | : |
| UNITED STATES, | : |
|  | : |
| Defendant. | : |

Consol. Court No. 22-00178

_____

**DEFENDANT'S RESPONSE IN OPPOSITION TO
PLAINTIFFS' MOTION TO COMPEL**

Defendant, the United States (the Government), respectfully submits this response in

opposition to the motion to compel, ECF No. 31 (Mot.), of plaintiffs Quantified Operations Ltd.

and WobbleWorks (HK) Ltd. (Plaintiffs).

## INTRODUCTION

This is a tariff classification case concerning "3D printing pens." *See* Amended

Consolidated Complaint (Compl.), ECF No. 21. According to the operative complaint, the

subject merchandise "operates by extruding a heated plastic strand … which cools into a solid

thread in the air, allowing" the pen's user to create three-dimensional objects. *Id.* ¶ 20. Plaintiffs

claim that U.S. Customs and Border Protection (Customs) incorrectly classified the pens under

heading 8477. *Id.* ¶ 36. Instead, Plaintiffs claim that their pens are more appropriately classified

under one of three alternative headings: heading 9503, heading 8516, or heading 8467.[1]  *Id.* ¶¶
62, 65, 67.

Through the present motion, Plaintiffs seek unredacted copies of internal emails at
Customs containing, in part, privileged deliberations about the subject merchandise.  Plaintiffs
do not argue that they need this privileged material for any claims or defenses—maybe because
this Court cast doubt on similar arguments in *Lutron Electronics Co., Inc. v. United States*, Court
No. 22-00264, ECF No. 37 (Ct. Int'l Trade Mar. 26, 2024), or maybe because much of the
information redacted from the three email chains at issue concerns different merchandise.  Either
way, Plaintiffs' failure to explain why the information they seek is "relevant" to any "claim or
defense," USCIT Rule 26(b)(1)—and not to a potential application for attorney's fees, should
they manage to prevail—dooms their motion to compel.  A party cannot move to compel the
production of irrelevant information.

Even if the material Plaintiffs seek were relevant, however, the deliberative-process
privilege applies to the predecisional thoughts that have been redacted from the emails at issue.
The Government has complied with all formal requirements for asserting this privilege—
requirements that, contrary to Plaintiffs' contention, may be satisfied in response to a motion to
compel.  And Plaintiffs fail to demonstrate any need for these redacted deliberations for the same
reasons they fail to demonstrate relevance.  The Court should accordingly deny Plaintiffs'
motion to compel.

---

[1] Heading 8477 provides for "[m]achinery for working … plastics …, not specified or
included elsewhere in this chapter[.]"  Heading 9503 provides for "dolls, other toys[.]"  Heading
8516 provides for "other electrothermic appliances of a kind used for domestic purposes[.]"  And
heading 8467 provides for "[t]ools for working in the hand … with self-contained electric …
motor[.]"

## BACKGROUND

As noted, this is a tariff classification case concerning 3D printing pens.  *See* Compl. Plaintiffs claim that Customs incorrectly classified the pens under heading 8477.  *Id.* ¶ 36. Instead, Plaintiffs claim that their pens are more appropriately classified under one of three alternative headings: heading 9503, heading 8516, or heading 8467.  *Id.* ¶¶ 62, 65, 67.

The World Customs Organization's Harmonized System Committee disagrees with Plaintiffs.  The Committee is the international body that updates the Harmonized Tariff Schedule, maintains its explanatory notes, and issues opinions classifying particular goods. International Convention on the Harmonized Commodity Description and Coding System (with annex) art. 7, June 14, 1983, 1503 U.N.T.S. 168.  In 2018, the Committee considered how a 3D printing pen should be classified.  Gov't Ex. 1, GOV000071–75.  The Committee initially voted to classify the product under heading 8477 in March 2018, but Customs requested "re-examination" of that decision shortly thereafter.  *Id.* at GOV000076–78, GOV000082.  At the September 2018 re-examination, Customs' delegate to the Committee argued that the pen should be classified under heading 8467.  *Id.* at GOV000073–74.  An overwhelming majority of member nations disagreed, however, and again classified the pen under heading 8477.  *Id.*[2]

"Congress intended, in large measure, to harmonize United States tariff classifications with the recommendations of the WCO."  *Cummins Inc. v. United States*, 377 F. Supp. 2d 1365, 1369 (Ct. Int'l Trade 2005), *aff'd*, 454 F.3d 1361 (Fed. Cir. 2006).  So, in a 2019 headquarters ruling, HQ H293445 (Oct. 7, 2019), to conform to the Committee's decision and a 2015 letter

---

[2] These Committee documents are also publicly available online.  World Customs Organization, *Historical documents of the Harmonized System Committee*, https://www.wcoomd.org/en/topics/nomenclature/resources/hs_historial-documents.aspx. Customs' arguments before the Committee, contrary to what Plaintiffs imply, Mot. at 4, were no secret.

ruling, NY N266946 (Aug. 18. 2015), Customs revoked a conflicting 2013 letter ruling classifying a 3D printing pen under heading 8516, NY N248177 (Dec. 18, 2013), and classified the product under heading 8477.  Plaintiffs brought this case after Customs, in accordance with HQ H293445, classified Plaintiffs' imported 3D printing pens under heading 8477 over their protests.  *See* Compl. ¶¶ 3–14.

In discovery, Plaintiffs requested, among other things, all documents discussing 3D printing pens in connection with the revocation of the 2013 letter ruling or the issuance of the 2019 headquarters ruling.  The Government produced the ruling file for the 2019 headquarters ruling in response, Gov't Ex. 1, GOV000001–90 (which is not at issue in Plaintiff's motion, Mot. at 6 & n.3).

As is relevant here, the Government also produced three email chains not contained in the ruling file that discussed 3D printing pens in connection with the revocation of the 2013 ruling. ECF No. 31-2, GOV000091–102.  Two of these email chains primarily concern the classification of a different product called a "Matt Gun Kit."  *Id.* at GOV000095–102.  The remaining email chain contains discussion of the Committee's initial March 2018 vote on the classification of a 3D printing pen and how Customs should proceed.  *Id.* at GOV000091–94.  The Government redacted portions of these email chains and explained on a redaction log that these portions consisted of privileged deliberations.  ECF No. 31-3.

Plaintiffs met and conferred with the Government regarding these redactions, which resulted in an impasse.  Plaintiffs now move to compel the unredacted production of the three email chains, arguing that they need the redacted material to support a potential request for attorney's fees under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412(d), should they prevail in this litigation.  Mot. at 14–16.

## ARGUMENT

Plaintiffs' motion to compel fails at the outset.  Plaintiffs fail to demonstrate, as they must, that the redacted information they seek is within the scope of discovery under USCIT Rule 26(b)(1)—that is, that the information sought is "relevant" to any "claim or defense."  A potential application for EAJA fees is not a "claim or defense."  Nor is there such as thing as EAJA discovery.  Accordingly, the Court can simply deny Plaintiffs' motion as seeking irrelevant information without further analysis.

Regardless, the information that Plaintiffs seek is privileged.  The deliberative-process privilege protects Customs' predecisional, internal thought-processes from disclosure.  The thoughts redacted from the three email chains at issue—all of which pre-date the 2019 headquarters ruling—are deliberative and predecisional, as the declaration of Alice A. Kipel, Executive Director, Regulations & Rulings, in Customs' Office of Trade, confirms.  Gov't Ex. 2 (Kipel Decl.).  Plaintiffs fail to demonstrate that the Government has waived this privilege or that they have a need for the redacted information that outweighs the privilege.

For either of these reasons, the Court should deny Plaintiffs' motion to compel.

## I.    Plaintiffs' Motion To Compel Should Be Denied Because It Concededly Seeks Irrelevant Information

"Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case[.]"  USCIT Rule 26(b)(1).  A party moving to compel discovery thus "bears the initial burden of explaining how the requested information is relevant."  *Felder v. Wash. Metro. Area Transit Auth.*, 153 F. Supp. 3d 221, 224 (D.D.C. 2015) (quotation omitted)).  If the party fails to do so, the motion to compel should be denied.  *See, e.g.*, *Schiller v. City of New York*, 2006 WL 3592547, at *7 (S.D.N.Y. Dec. 7, 2006)

(denying a motion to compel the production of redacted "internal political discussions" as
seeking information "not relevant to any claim or defense in this litigation").

Here, Plaintiffs concede that the information they seek is irrelevant.  Plaintiffs say that
the information could be relevant to the issue of EAJA fees, Mot. at 14–16, but an application for
attorney's fees is a "collateral issue" that "is unrelated to 'any party's claim or defense,'" even if
the request for fees is included in the complaint.  *Whispell Foreign Cars, Inc. v. United States*,
2016 WL 6875972, at *3 & n.2 (Fed. Cl. Nov. 22, 2016) ("[T]he court fails to see how a claim
for relief in its complaint would transform attorneys' fees from a collateral issue into a merits
issue, for which plaintiffs could claim Rule 26(b) discovery of right.").  A party cannot,
therefore, move to compel the production of information that is alleged to be relevant only to a
potential fee application.  *Id.* ("Plaintiffs may not now avail themselves of Rule 37 to compel
responses to discovery to which they were not entitled in the first place."); *Sandler v. McGraw-
Edison Co.*, 92 F.R.D. 463, 464–65 (S.D. Ohio 1981).  Because that is Plaintiffs' sole argument
for relevance, their motion to compel fails.

Plaintiffs' relevance argument falls short for other reasons, too.  For one thing, Plaintiffs
are not eligible for fees because they have not prevailed.  *See* 28 U.S.C. § 2412(d).  Plaintiffs
cannot obtain discovery solely for a collateral fee proceeding that may not (and should not) ever
occur.  *V5 Techs. v. Switch, Ltd.*, 334 F.R.D. 306, 310–11 & n.3 (D. Nev. 2019) (collecting cases
denying discovery on fees until a party has prevailed).  For another thing, even if Plaintiffs did
manage to prevail in this litigation, the information they prematurely seek would *still* be off-
limits because discovery is not available under EAJA.  *Gavette v. OPM*, 808 F.2d 1456, 1468
n.72 (Fed. Cir. 1986) ("The 'substantial justification determination' will not involve additional
evidentiary proceedings or additional discovery of agency files, solely for EAJA purposes."

(quoting H.R. Rep. No. 99-120 at 13)); *United States v. Fox Run Apartments, LLC*, 2024 WL 3226096, at *7 (D. Kan. June 28, 2024) (explaining that "the EAJA does not contemplate that discovery will be permitted" and noting that the prevailing parties "have not presented authority allowing discovery on an EAJA claim for fees").  Plaintiffs cite no authority suggesting that they can seek information solely for the purposes of an EAJA application that may never come to be.

Because their motion to compel concededly seeks irrelevant discovery, the Court should deny Plaintiffs' motion to compel.

## II. The Information That Plaintiffs Seek, Besides Being Irrelevant, Is Privileged, And Plaintiffs Fail To Overcome That Privilege

Even if Plaintiffs had met their burden to establish the relevance of the information redacted from the three email chains at issue (which they have not), the information is nevertheless privileged from disclosure.

The deliberative-process privilege permits the Government to withhold the discussions of its employees, which, if subject to disclosure, would temper candor during the decision-making process.  *See, e.g.*, *NLRB v. Sears, Robuck & Co.*, 421 U.S. 132, 151 (1975).  The privilege protects information from disclosure if it is both "predecisional" and "deliberative" in nature. *Renegotiation Bd. v. Grumman Aircraft Eng'g Corp.*, 421 U.S. 168, 184 (1975).  Information is predecisional if "it was generated before the adoption of an agency policy."  *Judicial Watch, Inc. v. FDA*, 449 F.3d 141, 151 (D.C. Cir. 2006) (cleaned up).  And information is "deliberative" if it was "prepared in order to assist an agency decisionmaker in arriving at his decision," or if it "reflects the give-and-take of the consultative process."  *Formaldehyde Inst. v. HHS*, 889 F.2d 1118, 1122 (D.C. Cir. 1989) (quoting *Grumman Aircraft*, 421 U.S. at 184).  This includes "recommendations, draft documents, proposals, suggestions, and other subjective documents which reflect the personal opinions of the writer rather than the policy of the agency."

*100Reporters LLC v. United States Dep't of Justice*, 316 F. Supp. 3d 124, 152 (D.D.C. 2018)

(quoting *Coastal States Gas Corp. v. Dep't of Energy*, 617 F.2d 854, 866 (D.C. Cir. 1980)).

The information redacted from the three email chains at issue is protected by the

deliberative-process privilege because it is both deliberative and predecisional.  The information

is predecisional because it precedes the 2019 headquarters ruling that represents the "adoption of

an agency policy."  *Judicial Watch*, 449 F.3d at 151.  And the information is deliberative because

it reflects the thoughts of Customs employees regarding the classification of 3D printing pens

(and another good), among other matters.  Kipel Decl. ¶¶ 7, 8.  Disclosure of this information

would "stifle the deliberative process and compromise the ability of the Agency to effectively

execute its responsibilities."  *Id.* ¶ 9.

Moreover, the Government has complied with the formal requirements for asserting the

deliberative-process privilege.  The "head of the department" having control of the redacted

information has carefully delegated his "authority to invoke the deliberative-process privilege

on" Customs' behalf, *see* Delegation Order No. 1510-03, Gov't Ex. 3.  *Marriott Int'l Resorts,*

*L.P. v. United States*, 437 F.3d 1302, 1308 (Fed. Cir. 2006).  And the delegatee of that authority

has (1) made a formal claim of privilege; (2) "submit[ted] an affidavit showing actual personal

consideration by that official"; and (3) provided "a detailed explanation of what the" information

in question is "and why it falls within the scope of the privilege."  *United States v. Greenlight*

*Organic, Inc.*, 279 F. Supp. 3d 1317, 1320 (Ct. Int'l Trade 2017) (quotation omitted); *see* Kipel

Decl. ¶¶ 7–9.

Plaintiffs' main contention is that the Government waived the deliberative-process

privilege by not satisfying these formal requirements before the motion to compel was filed,

Mot. at 8–10, but there was no waiver here.  The Government can satisfy the requirements in

response to a motion to compel, rather than in advance of one.  *In re Sealed Case*, 121 F.3d 729, 741 (D.C. Cir. 1997) (explaining that the Government did not have to "formally invoke its privileges in advance of the motion to compel"); *Fed. Hous. Fin. Agency v. JPMorgan Chase & Co.*, 978 F. Supp. 2d 267, 278–79 (S.D.N.Y. 2013) (same); *see Greenlight Organic*, 279 F. Supp. 3d at 1320–21 (allowing the Government to make a formal claim of deliberative-process privilege even after a motion to compel was fully briefed).  The one case that concludes otherwise, Mot. at 8–10 (citing *Pac. Gas & Elec. Co. v. United States*, 70 Fed. Cl. 128 (2006)), did so in "dictum" and is an "outlier."  *JPMorgan Chase*, 978 F. Supp. 2d at 278 (noting that "subsequent Court of Claims cases have approved the production of the certifications in response to a motion to compel").  "[R]equiring a high-level agency official to provide a certification justifying the invocation of privilege with respect to" all documents at issue in pending litigation, "before any document is specifically challenged, would constitute a tremendous resource strain on [the agency]" and "is incongruent with the real-world practicalities of agency governance."  *Id.* at 278–79.[3]

Plaintiffs next suggest in passing that the redacted information is not privileged, Mot. at 10–14, but that is not so.  The most they say, citing no authority, is that the "redacted discussions are not 'pre-decisional'" because of a Customs employee's statement that one of two conflicting letter rulings would have to be revoked "no matter what."  Mot. at 13.  But HQ H293445, which was issued a year and a half after that statement and chose which ruling to revoke, represents the "adoption of an agency policy."  *Judicial Watch, Inc.*, 449 F.3d at 151.  The deliberations

---

[3] Even if there were waiver (which there is not), Plaintiffs fail to demonstrate that the information they seek is relevant to any claim or defense.  That failure, standing alone, justifies denial of the motion to compel.  *See Schiller*, 2006 WL 3592547, at *7 (denying a motion to compel the production of redacted information that, though not privileged, was irrelevant).

informing that ruling, including those redacted from the three email chains at issue, are thus predecisional.[4]

Plaintiffs thus argue that their need for the redacted information outweighs the Government's privilege, Mot. at 14–16, but for the reasons already explained, the information is irrelevant to Plaintiffs' claims.  As such, Plaintiffs cannot "overcome the privilege by a showing of 'the relevance of the evidence sought to be protected.'"  *Lutron Electronics Co., Inc. v. United States*, Court No. 22-00264, ECF No. 37 at 4 (Ct. Int'l Trade Mar. 26, 2024) (quoting *Ford Motor Co. v. United States*, 94 Fed. Cl. 211, 218 (2010)).  As this Court concluded in *Lutron*, "it is hard to see how the documents, in unredacted form, … would be relevant … to the ultimate determination of the correct classification of the subject [merchandise.]"  *Id.* at 7–8.  Plaintiffs have not, therefore, overcome the deliberative-process privilege.

Finally, in light of Plaintiffs' failure to demonstrate the relevance of the information they seek, as well as Customs' detailed explanation as to why that information is privileged, the Government does not believe that an *in camera* review of the unredacted email chains, *see* Mot. at 16, is warranted.  *McClelland v. Andrus*, 606 F.2d 1278, 1290 (D.C. Cir. 1979) (relevancy is "the preliminary showing of necessity which permits at least an *in camera* review").  Should the Court find it helpful, however, the Government can provide the unredacted documents upon request.

---

[4] That a protective order is in place, Mot. at 14, does not address the problem that subjecting the information at issue to disclosure in litigation would "stifle the deliberative process and compromise the ability of the Agency to effectively execute its responsibilities." Kipel Decl. ¶ 9.

## **CONCLUSION**

For all these reasons, the Court should deny Plaintiffs' motion to compel.

Respectfully submitted,

BRETT A. SHUMATE
Acting Assistant Attorney General

PATRICIA M. McCARTHY
Director

By:    /s/ Justin R. Miller
       JUSTIN R. MILLER
       Attorney-In-Charge
       International Trade Field Office

Of Counsel:                                /s/ Luke Mathers
VALERIE SORENSEN-CLARK                     LUKE MATHERS
U.S. Customs and Border Protection         Trial Attorney
Office of the Assistant Chief Counsel      Department of Justice, Civil Division
                                           Commercial Litigation Branch
                                           26 Federal Plaza, Suite 346
                                           New York, New York 10278
                                           Tel.: (212) 264-9236
Dated: February 3, 2025                    *Attorneys for Defendant*

11

UNITED STATES COURT OF INTERNATIONAL TRADE

BEFORE: RICHARD K. EATON, JUDGE

————————————————————————

| | |
|---|---|
| QUANTIFIED OPERATIONS LIMITED and WOBBLEWORKS (HK) LIMITED, | : <br> : <br> : |
| Plaintiffs, | : <br> : |
| v. | :     Consol. Court No. 22-00178 |
| UNITED STATES, | : <br> : |
| Defendant. | : <br> : |

————————————————————————

## CERTIFICATE OF COMPLIANCE

I, Luke Mathers, a trial attorney in the Department of Justice, Civil Division, Commercial Litigation Branch, International Trade Field Office, who is responsible for the foregoing brief, relying upon the word count feature of the word processing program used to prepare the brief, certify that this brief complies with the word count limitation under the Court's chambers procedures, and contains 2,917 words.

/s/ Luke Mathers
LUKE MATHERS