## UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| QUANTIFIED OPERATIONS LIMITED, WOBBLEWORKS (HK) LIMITED,<br><br>       Consolidated Plaintiffs,<br><br> v.<br><br>UNITED STATES,<br><br>       Defendant. | Before: Hon. Richard K. Eaton, Judge<br><br>Consol. Court No. 22-00178 |

### PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL

Dated: February 11, 2025

                 Respectfully submitted,

                 */s/ Alena A. Eckhardt*
                 Alena A. Eckhardt
                 Matt Nakachi

                 NAKACHI ECKHARDT & JACOBSON, P.C.
                 50 California Street, Suite 1500
                 San Francisco, CA 94111
                 (415) 498-0070
                 alena@tradelawcounsel.com
                 matt@tradelawcounsel.com
                 *Counsel for Plaintiffs*

# **TABLE OF CONTENTS**

SUMMARY .................................................................................................................................. 1

BACKGROUND .......................................................................................................................... 2

ARGUMENT ................................................................................................................................ 2

    A.   Defendant Has Failed to Meet the Procedural Requirements for Assertion of the Deliberative Process Privilege for the Withheld Documents ............................................... 4

    B.   Defendant Has Failed to Meet the Substantive Requirements for Assertion of the Deliberative Process Privilege for the Withheld Documents ............................................... 5

    C.   Plaintiffs' Need for the Allegedly Privileged Documents Outweighs Any Supposed Harm of Disclosure ........................................................................................................................ 7

    D.   Alternatively, the Court Should Review the Underlying Documents *In Camera* ............. 10

# TABLE OF AUTHORITIES

**Cases**

*Alpha I, L.P. ex rel. Sands v. United States*, 83 Fed. Cl. 279, 290 (2008) .......................... 5, 7, 8, 9

*Anderson v. Marion Cty. Sheriff's Dep't*, 220 F.R.D. 555, 562 n. 5 (S.D. Ind. 2004) ..................... 6

*Beverage Distribs. v. Miller Brewing Co.*, 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010). . 4

*Chevron U.S.A, Inc. v. United States*, 116 Fed.Cl. 202 (May 16, 2014) ......................................... 8

*Confidential Informant 59–05071 v. United States*, 108 Fed. Cl. 121, 135 (2012) ........................ 5

*Dairyland Power Coop. v. United States*, 77 Fed. Cl. 330, 338 (Jun. 29, 2007). ....................... 8, 11

*Delaware Display Group LLC v. Lenovo Group Ltd., et al.*, 2016 WL 720977, at *6 (D. Del. Feb. 23, 2016) ...................................................................................................................................... 3

*Gavette v. OPM*, 808 F.2d 1456, 1468 at fn.3 (Fed. Cir. 1986) .................................................... 10

*Int'l Custom Prods., Inc. v. United States*, 77 F. Supp. 3d 1319 (Ct. Int'l Trade 2015) ................11

*Int'l Customs Products, Inc. v. United States*, 843 F.3d 1355, 1362 (Fed. Cir. Dec. 15, 2016).....11

*Lutron Electronics Co. v. United States*, Court No. 22-00264, ECF No. 37 at 5-6 (Ct. Int'l Trade Mar. 26, 2024) ............................................................................................................................. 7

*Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992) ............................................................ 6

*Orion Power Midwest, L.P. v. America Coal Sales Co.,* 2008 WL 4462301, *2 (W.D.Pa. Sept. 30, 2008). ......................................................................................................................................... 4

*Pacific Gas & Electric Co. v. United States*, 70 Fed. Cl. 128, 143 (2006) (*Pacific Gas I*) ............ 4

*Pacific Gas & Electric Co. v. United States*, 71 Fed. Cl. 205, 208 (2006) (*Pacific Gas II*) ....... 4, 6

*Proctor & Gamble Co. v. United States,* 2009 WL 5219726, at *8 (S.D. Ohio Dec. 31, 2009) ..... 5

*Schiller v. City of New York*, 2006 WL 3592547 (S.D. N.Y. 2006) ............................................... 3

*Sikorsky Aircraft Corp. v. United States*, 106 Fed. Cl. 571, 582 (2012) ........................................ 5

*United States v. Fox Run Apts., LLC*, 2024 WL 3226096, at *7 (D. Kan. June 28, 2024) ........... 10

*Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973). ............................................................... 12

**Statutes**

Equal Access to Justice Act, 28 U.S.C. § 2412 .................................................................. 1, 7, 8, 9

UNITED STATES COURT OF INTERNATIONAL TRADE

| | |
|---|---|
| QUANTIFIED OPERATIONS LIMITED, WOBBLEWORKS (HK) LIMITED,<br><br>Consolidated Plaintiffs,<br><br>v.<br><br>UNITED STATES,<br><br>Defendant. | Before: Hon. Richard K. Eaton, Judge<br><br>Consol. Court No. 22-00178 |

**PLAINTIFFS' REPLY IN SUPPORT OF MOTION TO COMPEL**

Subject to the Court's leave, requested in the attached motion, Plaintiffs respectfully submit this Reply to Defendant's Response in Opposition to Plaintiffs' Motion to Compel, ECF No. 34.

**SUMMARY**

Defendant failed to satisfy the procedural prerequisites for invoking the deliberative process privilege by not obtaining a timely and adequate declaration from CBP. Furthermore, the withheld documents do not meet the substantive requirements of the privilege as they are neither pre-decisional nor deliberative. Even if these documents were to technically satisfy the requirement of the privilege, Plaintiffs' need for these documents outweighs Defendant's interest in secrecy. The withheld documents are essential for Plaintiffs to demonstrate that CBP's actions were unjustified under the Equal Access to Justice Act, 28 U.S.C. § 2412 ("EAJA"). Without access to these materials, Plaintiffs will be prevented from effectively vindicating their statutory rights. Denying Plaintiffs' motion could incentivize the government to assert the deliberative process privilege broadly, potentially shielding unjustified actions from scrutiny. This motion seeks to ensure that the deliberative process privilege is not misused to shield improper conduct and avoid accountability. Therefore, the Court should order the production of these documents or,

1

alternatively, conduct an *in camera* review to determine whether production is warranted, thereby ensuring fairness in the adversarial process.

## BACKGROUND

Defendant first asserted the deliberative process privilege as a ground for withholding otherwise-discoverable documents in this case on December 3, 2024, in the redaction log produced in response to Plaintiffs' discovery requests dated June 13, 2024. Pls.' Mot. at Ex. 3. At the time, Defendant did not provide Plaintiffs with the mandatory declaration from an agency official justifying its invocation of the privilege. Plaintiffs filed their motion to compel on January 4, 2025, ECF No. 31. Still lacking the necessary documentation to justify its assertion of privilege, Defendant requested and was granted an extension of its deadline to respond to Plaintiffs' motion, ECF Nos. 32 and 33. On February 3, 2024, Defendant filed its Opposition ("Def. Opp."), which included a declaration from Ms. Alice A. Kipel ("Kipel Decl."), the Executive Director of the Office of Trade at U.S. Customs and Border Protection ("CBP"), regarding the agency's assertion of the deliberative-process privilege. The declaration largely followed a template format. Until the filing of the Opposition, Defendant failed to provide Plaintiffs or the Court with an explanation for its assertion of the privilege on behalf of CBP. Even with the subsequent filing, the Defendant still has not adequately supported its assertion of the privilege regarding the withheld documents, despite the delay in providing the declaration.

## ARGUMENT

The Court should compel the production of the unredacted documents because Defendant has not satisfied the procedural and substantive requirements for assertion of the assertion of the deliberative-process privilege, and Plaintiffs' evidentiary need for the documents outweighs any supposed harm of disclosure.

From the outset, Defendant's attempt to justify redactions based on relevance is misleading. By focusing on the relevance of the redacted information without first establishing that the privilege applies (Def. Opp. at 5-6, 9 at fn.3), Defendant is putting the proverbial cart before the horse. Defendant must initially meet its burden to demonstrate that the deliberative process privilege applies. Once this threshold is met, the Court can proceed to consider factors such as relevance as part of a balancing test to determine whether the need for disclosure outweighs the potential harm from disclosure.

Defendant relies on *Schiller v. City of New York*, 2006 WL 3592547 (S.D. N.Y. 2006) to argue that Plaintiffs' motion should be denied because the production of redacted information, even if not privileged, is irrelevant. Def. Opp. at 9, fn. 3. This argument overlooks that Defendant must first demonstrate that the privilege applies to the withheld documents, a threshold it has failed to meet. Moreover, the weight of authority from other federal courts demonstrates that if the redacted information is not privileged, relevance is not a proper ground for redactions. *Delaware Display Group LLC v. Lenovo Group Ltd., et al.*, 2016 WL 720977, at *6 (D. Del. Feb. 23, 2016) ("a party may not redact information that it unilaterally deems . . . irrelevant"). USCIT Rule 34, like its counterpart in the Federal Rules, requires that documents be produced as they are kept in the ordinary course of business, "[t]here is no express or implied support" in the rules for a procedure allowing "a party [to] scrub responsive documents of nonresponsive information." *Orion Power Midwest, L.P. v. America Coal Sales Co.,* 2008 WL 4462301, *2 (W.D.Pa. Sept. 30, 2008). Since the producing party is not harmed by producing irrelevant information or sensitive information that is subject to a protective order, redactions are unnecessary and, as this motion demonstrates, disruptive. *See Beverage Distribs. v. Miller Brewing Co.*, 2010 WL 1727640, at *4 (S.D. Ohio Apr. 28, 2010).

3

A. **Defendant Has Failed to Meet the Procedural Requirements for Assertion of the Deliberative Process Privilege for the Withheld Documents**

Courts have consistently held that failure to provide a declaration at the time the privilege is first asserted renders the privilege claim procedurally deficient. Here, Defendant's delayed submission of the Kipel Declaration months after asserting the privilege undermines its credibility.

Defendant claims that it has met the procedural requirements by submitting the agency's declaration in response to Plaintiffs' motion to compel. However, *Pacific Gas & Electric Co. v. United States*, 70 Fed. Cl. 128, 143 (2006) (*Pacific Gas I*) and 71 Fed. Cl. 205, 208 (2006) (*Pacific Gas II*) establish that delaying the execution of an affidavit, as the government has done here, is procedurally deficient and undermines the credibility of the privilege claim. Defendant incorrectly portrays *Pacific Gas* as an outlier (Def. Opp. at 8-9), when in fact it reflects a well-established principle that timely assertions of privilege are essential, as evidenced by multiple decisions from federal court decisions that have recognized the timeliness requirement of the deliberative process privilege and have required the government to provide a declaration setting forth the basis for its assertion of the privilege "at the time the privilege is first asserted." *See, e.g., Alpha I, L.P. ex rel. Sands v. United States*, 83 Fed. Cl. 279, 290 (2008); *Confidential Informant 59–05071 v. United States*, 108 Fed. Cl. 121, 135 (2012) ("With respect to the timing for meeting the procedural requirements, this court has previously found the Government's process to be procedurally deficient when such an affidavit was executed subsequent to and in response to a motion to compel production."); *Sikorsky Aircraft Corp. v. United States*, 106 Fed. Cl. 571, 582 (2012) ("the court holds that the invocation of the deliberative process privilege, as with other privileges, is subject to a timeliness requirement. This should be an entirely unremarkable proposition . . . [T]here is no basis to refrain from extending the waiver to instances of indiligence, indolence, or dawdling."); *Proctor & Gamble Co. v. United States,* 2009 WL 5219726, at *8 (S.D. Ohio Dec. 31, 2009) ("the

4

assertion of the deliberative process privilege calls for support by an affidavit from the agency head at the time the privilege is first asserted."); *Anderson v. Marion Cty. Sheriff's Dep't*, 220 F.R.D. 555, 562 n. 5 (S.D. Ind. 2004) ("the time to make the showing that certain information is privileged is at the time the privilege is asserted, not months later when the matter is before the Court on a motion to compel."); *Miller v. Pancucci*, 141 F.R.D. 292, 300 (C.D. Cal. 1992) ("the party must submit, at the time it files and serves its response to the discovery request, a declaration or affidavit … from the head of the department which has control over the matter.").

Defendant obtained a declaration from the agency on February 3, 2025, in response to the motion to compel – months after the privilege was initially asserted and many months after the discovery requests were made—a delay that erodes the credibility of the privilege claim. *See Pacific Gas II*, 71 Fed. Cl. at 209 (2006). Permitting such a procedurally deficient, *post hoc* submission undermines the purpose of the deliberative process privilege and risks turning it into a litigation strategy that the Defendant can abuse.

B.  **Defendant Has Failed to Meet the Substantive Requirements for Assertion of the Deliberative Process Privilege for the Withheld Documents**

In addition to the procedural shortcomings, the Defendant has not met the substantive requirements for asserting the deliberative process privilege. The internal discussions about 3D pen classification are relevant to Plaintiffs' claims, but they do not appear to be the pre-decisional deliberations that the privilege is intended to protect. Moreover, disclosing this information under existing protective order will not stifle honest and frank communications within the agency.

Defendant claims that the information is *pre-decisional* because it predates the 2019 headquarters revocation ruling and *deliberative* because it "reflects the thoughts of Customs employees' regarding the classification of 3D printing pens," arguing that disclosure would "stifle the deliberative process and compromise the ability of the Agency to effectively execute its

5

responsibilities[,]" citing the Kipel Declaration in support. Def. Opp. at 8. However, the boilerplate declaration[1] lacks sufficient detail to support these claims, failing to clearly explain how the information is directly related to the deliberative process leading up to the revocation decision.

Since the deliberative process privilege must be "construed narrowly[,]" *Alpha I, L.P.*, 83 Fed. Cl. at 288, it cannot possibly encompass all communications that precede any agency decision. If the deliberative process privilege is applied too broadly, it could potentially shield even the most trivial information from disclosure. The Kipel Declaration includes template statements about protecting the internal deliberative process but lacks a clear explanation of how internal discussions regarding the CBP delegates' request for re-examination of the WCO decision on 3D pen classification can be considered pre-decisional and deliberative. The request itself, in which CBP advocates for classifying 3D pens as "tools," is publicly available on the WCO website. The declaration fails to provide specific details on how these discussions relate to the deliberative process leading up to a specific decision. Although these internal discussions took place *before* the October 7, 2019 revocation ruling, this temporal relationship alone does not automatically render them pre-decisional. For a document to be considered pre-decisional, it must be created in anticipation of a specific decision and contribute to the deliberative process leading up to that decision. The CBP delegates' submissions to the WCO and related classification discussions that took place over a year and a half before the ruling was issued, do not appear to have been created in anticipation of the specific revocation decision.

Furthermore, the declaration merely repeats the vague and conclusory statements from the redaction log, such as "deliberative opinions that relate to the issuance of HQ H293445, and

---

[1] *Cf.* Def. Opp. at Ex. B (Kipel Decl. ¶¶ 8-10) and *Lutron Electronics Co. v. United States*, Court No. 22-00264, ECF No. 37 at 5-6 (Ct. Int'l Trade Mar. 26, 2024) (discussing identical language in Kipel Decl. ¶¶ 10-12). The reliance on the unchallenged boilerplate language in *Lutron* does not validate the declaration's use here, as it lacks specific detail and context necessary to justify the privilege claim in this case.

recommendations, thoughts, advice and analysis regarding the agency decisions concerning the subject merchandise," without providing specific evidence that these discussions were integral to the decision-making process for the revocation ruling. *Cf.* Def. Opp. at Ex. B, ¶7 and Pls.' Mot. at Ex. 3. As the party seeking to invoke the deliberative process privilege, Defendant has not met the burden of justifying its application. *Alpha I, L.P.*, 83 Fed. Cl. at 288.

The government's mere assertion of privilege does not automatically make it valid; without judicial oversight, such claims can lead to abuse. *See, e.g.*, *Chevron U.S.A, Inc. v. United States*, 116 Fed.Cl. 202 (May 16, 2014) (awarding monetary sanctions against government for improper assertions of privilege during discovery).

**C.  Plaintiffs' Need for the Allegedly Privileged Documents Outweighs Any Supposed Harm of Disclosure**

Even if the Defendant meets both the procedural and substantive requirements for asserting the privilege, Plaintiffs' substantial need for these documents outweighs the Defendant's interest in maintaining confidentiality, thereby warranting disclosure. *Dairyland Power Coop. v. United States*, 77 Fed. Cl. 330, 338 (Jun. 29, 2007).

The withheld information is crucial for Plaintiffs' claim under the EAJA, as it is necessary to show that the government's position was not substantially justified, a prerequisite for awarding attorney's fees. If the government can invoke the deliberative process privilege to withhold documents that might show a lack of substantial justification, Plaintiffs are left without the necessary evidence to support their claim under the EAJA. This creates a Catch-22: Plaintiffs cannot prevail on their claim because they are denied access to relevant information. Therefore, disclosure is essential for ensuring transparency and accountability in government decision-making processes.

Defendant's argument that Plaintiffs are not entitled to discover unredacted emails because they have not yet prevailed *and* may not be entitled to discovery even if they do prevail under EAJA is fundamentally flawed. Def. Opp. at 6-7. Defendant appears unaware of the irony in advocating for a position that leaves Plaintiffs without any meaningful recourse to obtain information needed to access whether the government's position was substantially justified.

First, Defendant's assertion that Plaintiffs cannot seek discovery because they have not yet prevailed ignores the unique considerations and purposes of the EAJA, where the need for relevant information to assess substantial justification is paramount. Defendant's reliance on the general rule about not discovering fee arrangements until liability for attorney's fees is established is misplaced. Def. Opp. at 6. Determining whether the government's position was substantially justified requires access to documents relevant to its decision-making process, which differs from typical attorney's fee disputes that focus on fee reasonableness after liability is established.

Furthermore, the disclosure is justified even when the ultimate entitlement to relief is contingent upon future determinations. *Alpha I, L.P.*, 83 Fed. Cl. at 287, is instructive. In *Alpha I, L.P.*, the federal court ordered the disclosure of documents over which the government had asserted the deliberative process privilege. The court found that the evidence of the government's statutory interpretation was crucial to the claim for penalties, which, like claims for attorney's fees, is typically determined later in the proceedings.

Second, the Defendant's claim that discovery is not available under the EAJA *even if* Plaintiffs prevail is overly broad and relies on a narrow interpretation of case law. For instance, Defendant cites *Gavette v. OPM*, 808 F.2d 1456, 1468 at fn.3 (Fed. Cir. 1986) (Def. Opp. at 6), in which the court determined that discovery was unnecessary because the existing record already provided sufficient evidence to conclude that the government's position was not justified.

8

However, the case does not support the Defendant's broad claim that discovery is never available under the EAJA. Instead, it presents a specific situation where the existing record was sufficient. Similarly, in *United States v. Fox Run Apts., LLC*, 2024 WL 3226096, at *7 (D. Kan. June 28, 2024), the court denied discovery, noting that courts often rely on "preexisting evidence" to determine if the government's position was justified. But this rationale only underscores the importance of allowing discovery now to create a comprehensive record necessary for assessing whether the government's position was substantially justified.[2]

In *Int'l Custom Prods., Inc. v. United States*, 77 F. Supp. 3d 1319 (Ct. Int'l Trade 2015), a case that Defendant ignores in its Opposition, the importer was able to show that the government's position was unjustified primarily because they had access to internal communications.[3] Had the government asserted the deliberative process privilege over these documents, the importer might have been unable to challenge the government's actions, which would have prevented them from receiving attorney's fees under the EAJA. Therefore, it is essential that the Court compel the production of withheld documents to ensure that importers have a fair opportunity to pursue their claims. This is not only a matter of procedural fairness but also necessary to uphold the purpose of

---

[2] But if Defendant's interpretation were correct and Plaintiffs are not entitled to discovery even upon prevailing and seeking attorney's fees, then it would indeed leave Plaintiffs without recourse to obtain crucial information about CBP's internal communications. This would be precisely the scenario Plaintiffs highlighted in their motion. If the Court declines to order disclosure of the unredacted materials at this stage, Plaintiffs respectfully request that the issue of discovery be reserved for when they prevail on the merits. This approach ensures that Plaintiffs are not prejudiced by being denied access to relevant evidence needed to show that the government's position was unjustified, a critical factor in EAJA claims. By allowing discovery post-judgment, the Court can prevent the government from arguing that Plaintiffs are too late to compel discovery.

[3] The Federal Circuit affirmed the award of attorney's fees citing to this Court's findings regarding Customs' internal emails indicating that Customs' decision to issue the Notice of Action was not "substantially justified.") *Int'l Customs Products, Inc. v. United States*, 843 F.3d 1355, 1362 (Fed. Cir. Dec. 15, 2016) (finding that the CIT's decision that the government's position unjustified primarily relied on Customs officials' statements).

the EAJA, which is to prevent the government from taking unjustified positions that deter plaintiffs from vindicating their statutory rights.

Finally, "[w]here disclosure of information is subject to a protective order, the risk that such disclosure will have a chilling effect on future deliberations by government employees is diminished." *Dairyland*, 77 Fed. Cl. at 339. Not only is there a protective order in this case, but that order affords Defendant the added protection of producing the documents for attorneys' eyes only. This dual safeguard ensures that the disclosed information will remain confidential, thereby obviating the likelihood of any chilling effect on "open and frank discussions" within the agency or the potential "stifle the deliberative process and compromise the ability of the Agency to effectively execute its responsibilities" as the government cites as a potential harm. Def. Opp. at 7, and Ex. C ¶ 9.

**D.      Alternatively, the Court Should Review the Underlying Documents *In Camera***

Defendant agrees to provide the documents for an *in camera* review upon the Court's request. Def. Opp. at 10. Such a review is especially important in cases like this, where the disputed facts are not "equally available to adverse parties," which "seriously distorts the traditional adversary nature of our legal system's form of dispute resolution." *Vaughn v. Rosen*, 484 F.2d 820, 824 (D.C. Cir. 1973).

Dated: February 11, 2025

                                                   Respectfully submitted,

                                                   */s/ Alena A. Eckhardt*
                                                   Alena A. Eckhardt

## CERTIFICATE OF COMPLIANCE

I, Alena A. Eckhardt, counsel for Plaintiffs, who is responsible for the foregoing Reply in Support of Motion to Compel, relying upon the word count feature of the word processing program used to prepare the memorandum, certify that this memorandum complies with the word count limitation under the Court's standard chambers procedures, and contains 3084 words.

*/s/Alena A. Eckhardt*
Alena A. Eckhardt
